IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>) |
| v. | ) CASE NO. CR417-046<br>) |
| OMMIE MORESE CHRISTIAN, | )<br>) |
| Defendant. | )<br>) |

# O R D E R

Before the Court is Defendant Ommie Morese Christian's Motion for Compassionate Release (Doc. 29) and the Government's Motion to Dismiss Defendant's motion (Doc. 30). For the following reasons, the Government's motion (Doc. 30) is **GRANTED** and Defendant's motion (Doc. 29) is **DISMISSED**.

## BACKGROUND

In May 2017, Defendant pleaded guilty to possession of a firearm by a convicted felon. (Doc. 19.) Defendant was sentenced to 70 months' imprisonment. (Doc. 26 at 2.) According to the BOP website, Defendant is currently incarcerated at Federal Correctional Institution ("FCI") Hazelton in Bruceton Mills, West Virginia with a projected release date of April 18, 2022. See BOP Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited on September 10, 2020).

**ANALYSIS**

Defendant seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) due to the COVID-19 pandemic or to be placed on home confinement. (Doc. 29 at 3.) The Government opposes Defendant's request and moves to dismiss Defendant's motion on the ground that Defendant failed to exhaust his administrative remedies. (Doc. 30.) The Court finds that Defendant's motion should be dismissed.

I. DEFENDANT'S REQUEST FOR HOME CONFINEMENT

First, to the extent Defendant is seeking an order from this Court placing him on home confinement, his request is due to be dismissed. A request for home confinement under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, enacted on March 27, 2020, is different than a request for sentence reduction based upon compassionate release. Under Section 12003(b)(2) of the CARES Act, if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP, the BOP is permitted to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate." United States v. Allen, No. 2:14-cr-024, 2020 WL 2199626, at *1 n.1 (S.D. Ga. May 6, 2020). Thus, the BOP is utilizing its authority under 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541—not the compassionate release provision of 18 U.S.C.

2

§ 3582(c)—to effectuate the Attorney General's directive to the BOP regarding home confinement in connection with the CARES Act. Id. at *1. This Court lacks the authority to order the BOP to release a prisoner on home confinement. See United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (explaining that under 34 U.S.C. § 60541(g)(1)(A) the Attorney General "may" release eligible elderly offenders, and district court was without jurisdiction to grant relief); see also Allen, No. 2:14-CR-024, 2020 WL 2199626, at *1 ("These statutes do not authorize a federal court to order the BOP to release a prisoner."); United States v. Greene, No. CR 116-056, 2020 WL 3316987, at *1 (S.D. Ga. June 18, 2020). Thus, to the extent Defendant is seeking an order from this Court placing him on home confinement, Defendant's motion is **DISMISSED**.

II.  COMPASSIONATE RELEASE

18 U.S.C. § 3582(c)(1)(A) provides that the Court can reduce the term of imprisonment upon

> motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

Additionally, 28 C.F.R. § 571.61 requires an inmate seeking a compassionate release to submit a written request to the prison's warden. At a minimum, the inmate's request must contain "[t]he extraordinary or compelling circumstances that the inmate believes

3

warrant consideration" and "[p]roposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment." 28 C.F.R. § 571.61(a).

Under § 3582(c)(1)(A), a court may order a sentence reduction where the court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. See U.S.S.G. § 1B1.13. In its consideration of compassionate release, the Court is constrained by the applicable policy statements issued by the United States Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A). The application notes to the applicable policy statement list three specific examples of extraordinary and compelling reasons to consider a reduction of sentence under § 3582(c)(1)(A): (1) a serious medical condition; (2) advanced age; and (3) family circumstances. U.S.S.G. § 1B1.13 n.1(A)-(C). A fourth catch-all category provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D). For a medical condition to qualify as an extraordinary and compelling reason, the condition must "substantially diminish[]

4

the ability of the defendant to provide self-care within the environment of a correctional facility and [is one] from which he or she is not expected to recover." U.S.S.G. § 1B1.13, n.1(A)(ii).

In seeking compassionate release, Defendant contends that he has Attention-Deficit Hyperactivity Disorder, depression, and Post-Traumatic Stress Disorder. (Doc. 29 at 1.) In response, the Government contends that Defendant's motion should be dismissed because he did not exhaust his administrative remedies nor does Defendant allege that 30 days have lapsed since the warden of his facility received a request from Defendant. (Doc. 30 at 10.) The Court finds that Defendant has not exhausted his administrative remedies and his motion is due to be dismissed. The Court may only entertain Defendant's motion after Defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). As there is no evidence that Defendant has presented his request for compassionate release to the warden of his facility or the BOP, Defendant has not exhausted his administrative remedies and the Court must dismiss Defendant's motion. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020); United States v. McCloskey, No. 4:18-CR-260, 2020 WL 3078332, at *5 (S.D. Ga. June 9, 2020).

Moreover, even if Defendant had exhausted his administrative remedies, the Court finds that Defendant has not provided evidence of a medical condition that qualifies as an "extraordinary and compelling reason" for compassionate release. Defendant contends that he suffers from Attention-Deficit Hyperactivity Disorder, depression, and Post-Traumatic Stress Disorder, however, he provides no medical evidence of these conditions. (Doc. 29 at 1.) Additionally, the Court does not find that COVID-19 is in and of itself an extraordinary and compelling reason to warrant compassionate release. See Raia, 954 F.3d at 597 ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive professional efforts to curtail the virus's spread."). Accordingly, the Court would deny Defendant's motion on the merits as well.

## CONCLUSION

Accordingly, based on the foregoing, the Government's Motion to Dismiss (Doc. 30) is **GRANTED** and Defendant's motion (Doc. 29) is **DISMISSED**.

SO ORDERED this 14th day of September 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA